IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **DOMINIC TABAN AGGREY,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF UTAH,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-CV-904<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Mr. Dominic Aggrey, proceeding pro se and in forma pauperis, commenced this action in November of 2018. (ECF Nos. 2, 3.) The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 6.) Pending before the court is Mr. Aggrey's Motion for Service of Process. (ECF No. 9.) Prior to reaching Mr. Aggrey's motion, pursuant to 28 U.S.C. § 1915, the court shall dismiss a case at any time if the action is frivolous or the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(2).

## BACKGROUND

On November 21, 2018, Mr. Aggrey filed a "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision." (ECF No. 3.) He seeks review of a Disability Insurance Benefits decision under Title II of the Social Security Act and a Supplemental Security Income decision under Title XVI of the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). (ECF No. 3 at 3.) Under "Basis for Jurisdiction" Mr. Aggrey checks the boxes for "Disability Insurance Benefits Claim (Title II)" and "Supplemental Security Income Claim (Title XVI)." (ECF No. 3 at 3.)

In response to the question "When did you receive notice that the Commissioner's decision was final?" Mr. Aggrey states, "I was court-ordered to attend substance abuse treatment, rehabilitation & vocational training[,] tests with psychiatrists within and outside those/these institutions in addition to physical injuries enfiled [sic] from University of Utah dated 08.17.12." (*Id.* at 4.)

Under "Statement of Claim," Mr. Aggrey checks the box indicating "The Commissioner's decision was based on legal error."  When asked to identify all legal errors, Mr. Aggrey states, "Experts' input of the occurance [sic] on August 17, [20]12, (FYI) was/is aware, has the records compared to performance[,] schooling, blood examinations, conduct, involvement & participation in extra ciricular [sic] activities: revealed the most high behaving inmate off [sic] that institution." (*Id.*)

Mr. Aggrey checks all boxes under "Relief: State what you want the court to do": i.e., "Issue a summons directing the defendant to appear before the court"; "Order the defendant to submit a certified copy of the transcript and record, including evidence upon which the findings an decision are based"; "Modify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability"; "In the alternative, remand to the defendant for reconsideration of the evidence"; and "Grant any further relief as may be just and proper under the circumstances of this case." (*Id.* at 4–5.)

## DISCUSSION

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." FED. R. CIV. P. 8(a).  As explained by the Tenth Circuit, compliance with rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant

did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989) *citing Perington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d 1163 (10th Cir. 2007) (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

Even reviewing Mr. Aggrey's Complaint liberally, he fails to meet the basic rule 8 requirements. First, Mr. Aggrey fails to establish that jurisdiction is proper in the U.S. district court for the district in which he resides. Federal question jurisdiction authorizes federal courts to decide "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Federal question jurisdiction requires that the federal question appear on the complaint's face, be a substantial component of the plaintiff's claim, and is of significant federal interest. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1232 (10th Cir. 2003). Here, Mr. Aggrey's Complaint lacks a sufficient showing that a federal law has created his underlying cause of action. Even though Mr. Aggrey purports to seek review of a Social Security decision, he fails to attach a copy of the decision or even establish any facts that show he was denied benefits available to him under federal law. Without such a showing, the court is not satisfied that it possess subject matter jurisdiction.

Second, Mr. Aggrey's "Statement of Claim" response is unclear and does not constitute a "short and plain statement . . . showing" he is entitled to relief. FED. R. CIV. P. 8(a). It is unclear

from Mr. Aggrey's Complaint what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right was violated.  At best, it appears Mr. Aggrey disagrees with a determination that he undergo substance abuse treatment, rehabilitation, vocational training, and psychiatric tests while under the supervision of the Utah state court system.  Such disagreements, however, do not shore up who did what, when, where, as required by Rule 8.

Third, Mr. Aggrey's claims appear to be time barred, which would render granting leave to amend futile.  The Social Security Commissioner's final decision related to a Disability Insurance Benefits claim is subject to review if a civil action is commenced *within sixty days* after an individual has received notice of the decision by mail or "within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g) (emphasis added).  The Social Security Commissioner's final determination related to a Supplemental Security Income claim is subject to review under the same provision.  *Id.* § 1383(c)(3) (indicating judicial review of § 1383(c) claims are subject to judicial review as provided in § 405(g)).  Mr. Aggrey's Complaint fails to state *if* or *when* he received notice of the Commissioner's final determination related to either of his claims.  If his claims relate to the 2012 incident/treatment as indicated in Mr. Aggrey's Complaint, however, then his causes of action are likely time barred.

## RECOMMENDATION

Accordingly, the undersigned RECOMMENDS the District Court DISMISS Mr. Aggrey's action without prejudice and MOOT the Motion for Service. Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED: March 19, 2019.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge